Kim E. Richman
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

Geoffrey Stewart
**THE LAW OFFICE OF GEOFFREY ST. ANDREW STEWART**
139 Fulton Street, Suite 508
New York, New York 10038
212-625-9696 (telephone)
718-374-6094 (facsimile)

*Attorneys for Plaintiff*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ANDRE PERRY and VENETIA ZAHARIAS,

                Plaintiffs,

             -against-

THE CITY OF NEW YORK, P.O. TAKIYAH
TRENCH, P.O. ASHLEY WASHINGTON, P.O.
WENDY GUERERO, P.O. ALEXANDRA
DELRIO, and JOHN/JANE DOE #1-20,
Individually and in their Official Capacities
(the names "John and Jane Doe" being fictitious,
as the true names are presently unknown),

                Defendants.
------------------------------------------------------------X

**FIRST AMENDED
COMPLAINT**

13-CV- 07914 (RJS)

Jury Trial Demanded


        Plaintiffs Andre Perry and Venetia Zaharias, by their attorney, Kim E. Richman,

complaining of the above-referenced defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs Andre Perry and Venetia Zaharias ("Plaintiffs") bring this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988 for the wrongful acts of defendants THE CITY OF NEW YORK ("CITY"), POLICE OFFICER ("P.O.") TAKIYAH TRENCH (Shield #021413), P.O. ASHLEY WASHINGTON (Shield #00127), P.O. WENDY GUERERO (Shield #005643), P.O. ALEXANDRA DELRIO (Shield #04384), and Defendants JOHN/JANE DOE #1-20 (collectively "Defendants"), all acting under color of state law and pursuant to their authority, in violation of Plaintiffs' rights under the Constitution and laws of the United States and the State of New York.

## JURISDICTION

2.      This action seeks redress for violation of Plaintiffs' constitutional and civil rights, pursuant to, *inter alia*, 42 U.S.C. §§ 1983, 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitution and laws of the State of New York.  Plaintiff invokes this Court's jurisdiction pursuant to these constitutional and statutory provisions and pursuant to 28 U.S.C. §§ 1331, 1343.

3.      Plaintiffs further invoke this Court's pendent jurisdiction over any and all state law claims that derive from the same nucleus of operative facts that gives rise to the federal claims, pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

**TRIAL BY JURY**

5.      Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.      At all times relevant hereto, Plaintiffs Andre Perry and Venetia Zaharias were husband and wife and residents of the County of the Bronx, located in the Southern District of New York.

7.      Defendant THE CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York; Defendant CITY operates, manages, directs, and controls the New York City Police Department ("NYPD"), which employs Defendant P.O.s Trench, Washington, Guerero, and Delrio, and one or more of the other Defendants, and the New York City Fire Department ("FDNY"), which also employs one or more of the Defendants.

8.      At all times relevant to this action, Defendant P.O.s Trench, Washington, Guerero, and Delrio were police officers employed by the NYPD and acting under color of state law.

9.      Defendant P.O.s Trench, Washington, Guerero, Delrio, and John/Jane Doe #1-20 participated directly in and/or failed to intervene in the violations of Plaintiffs' constitutional rights committed by the other individual Defendants.

10.     Defendant CITY were responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, captains and employees of the NYPD and FDNY.

11.     At all times relevant hereto and in all their actions described herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its NYPD and FDNY, pursuant to their authority as employees, servants and agents of the Defendant CITY, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and officers.

## FACTS

12.     On or about December 31, 2012, Plaintiff Andre Perry and his wife Venetia Zaharias were lawfully present in their apartment on Bruckner Boulevard in Bronx County, New York.

13.     At approximately 8:45 a.m., Defendant NYPD officers, including Defendant P.O.s Trench, Washington, Guerero and Delrio, and Defendant FDNY EMS technicians knocked on the door of Plaintiffs' apartment.

14.     Plaintiff Zaharias answered the door and was aggressively interrogated by Defendant P.O.s Trench and Washington. At the insistence of Defendant police officers, Plaintiff Zaharias stepped out of her apartment and into the hallway. Thereafter, Defendants officers physically blocked Plaintiff Zaharias from re-entering her own apartment.

15.     Plaintiff Perry, who was inside the apartment, was ordered by Defendant P.O. Trench to come to the door. Plaintiff Perry complied with the order.

16.     When Plaintiff Perry reached the doorway, Defendants began aggressively questioning Plaintiff Perry. Suddenly, Defendant P.O. Trench grabbed Plaintiff Perry's left arm with both hands, without any provocation or justification whatsoever.

17.     Next, Defendant Officers and FDNY EMS technicians shoved Plaintiff Perry to the ground inside the apartment. In doing so, Defendants entered Plaintiffs' apartment without justification or consent.

18.     Defendants then incessantly, gratuitously, excessively, and without justification, punched and kicked Plaintiff Perry while he was lying helplessly on the floor.

19.     Next, Defendants dragged Plaintiff Perry out into the hallway in front of the apartment, in the immediate proximity of Plaintiff Zaharias, who was being held by the arm by Defendant P.O. Guerero, and continued beating him mercilessly, despite a complete lack of justification for doing so.

20.     Meanwhile, Defendant P.O.s JOHN/JANE DOE #6-20 rushed into the narrow hallway and joined in the beating of Plaintiff Perry, repeatedly kicking and punching him despite the fact that he was already completely restrained by the other Defendant police officers and lying helpless face-down on the ground.

21.     During this time Defendant P.O. Washington repeatedly used her nightstick with downward force in an impaling motion to bludgeon Plaintiff Perry's head, while other Defendants punched Plaintiff Perry in the back of the head.

22.     At no time during his vicious beating did Plaintiff resist or attempt to attack Defendants. During Plaintiff Perry's beating, Plaintiff Zaharias remained detained by Defendants and pleaded with them to stop beating Plaintiff Perry.

23.     Plaintiff Perry lost consciousness due to the savagery of the excessive force used against him.

24.     Defendants handcuffed Plaintiff Perry's hands behind his back and arrested him.

25.     Defendants handcuffed Plaintiff Zaharias's hands behind her back and arrested her.

26.     Defendants then dragged Plaintiff Perry toward the entryway of the staircase that led to the apartment. Defendants also led Plaintiff Zaharias in that direction, and she watched Plaintiff Perry bleeding there in front of her.

27.     While Plaintiff was lying helpless and handcuffed, a male Defendant police officer violently and gratuitously stomped on his leg without any justification.

28.     A video recording taken by security cameras in the apartment building shows Defendant P.O.s TAKIYAH TRENCH, ASHLEY WASHINGTON, ALEXANDRA DELRIO, Defendant FDNY EMS technicians and Defendant P.O.s JOHN/JANE DOE #6-20 beating Plaintiff Perry as described above.

29.     After a few minutes, Plaintiff Perry was dragged through the hall and down the staircase by his arms and legs by Defendants. As a result of being dragged down several flights of stairs by Defendants, Plaintiff Perry's pants were pulled down from his waist by the time he got outside.

30.     Plaintiff Perry was then placed face-down, pants half-off, on a stretcher by Defendants with his backside exposed in public view.

31.     During the course of this excessive assault by Defendants, Plaintiff Perry suffered lacerations and contusions to his body, two significant facial lacerations (sizes two inches and one and a half inches) that required stitches, a laceration on the back of

his head that required stitches, a fractured left foot that required a cast, and swelling and bruising throughout his body.

32.     Plaintiff Perry was taken to Lincoln Medical and Mental Health Center ("Lincoln Hospital") on East 149th Street in the Bronx for treatment for his injuries, and was then taken to Central Booking, where he waited until arraignment. After Plaintiff Perry's bail was set, Plaintiff Perry was detained at Riker's Island.

33.     While outside Plaintiffs' residence, Defendants handcuffed Plaintiff Zaharias, and without probable cause arrested her. Plaintiff Zaharias was then led away in full view of the public and transported to Lincoln Hospital, where she was eventually released after several hours in custody.

34.     Despite the medical treatment Plaintiff Perry has received, the injuries caused by Defendants' unlawful acts continue to cause him significant physical pain, impairment and emotional distress.  Plaintiff Perry's ongoing symptoms include, *inter alia*, substantial and continuous pain and bruising and swelling throughout his body, continued severe pain in his fractured left foot and persistent, severe headaches.

35.     Plaintiff Zaharias experienced humiliation and severe emotional distress when Defendants violated her constitutional rights and placed her within the immediate proximity of the vicious beating of Plaintiff Perry.

36.     Plaintiff Perry and Plaintiff Zaharias each filed a timely Notice of Claim with Defendant CITY's Office of the Comptroller regarding the incident and related injuries alleged herein.  Plaintiff Perry's claim was assigned # 2013PI008628 and Plaintiff Zaharias's claim was assigned # 2013PI008623.

37.     At least thirty days have elapsed since Plaintiffs served their Notice of Claims on Defendant CITY. At least thirty (30) days have elapsed since Plaintiffs' Notice of Claim was filed and no payment or adjustment thereof has been made.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

38.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

39.     All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

40.     All of the aforementioned acts deprived Plaintiffs of the rights, privileges, and immunities guaranteed to citizens of the United States by, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

41.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and FDNY EMS technicians, with the entire actual and/or apparent authority attendant thereto.

42.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, FDNY, and other agencies all under the supervision of ranking officers of said departments.

43.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority that is forbidden by the Constitution of the United States.

44.     By these actions, Defendants have deprived Plaintiff of rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, for which Defendants are individually liable.

**SECOND CLAIM FOR RELIEF**
**UNLAWFUL ENTRY UNDER 42 U.S.C. § 1983**

45.     Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

46.     Defendants acting under color of law, entered Plaintiffs' home without consent, privilege or excuse, in violation of their Fourth and Fourteenth Amendment rights.

47.     As a result of Defendants' aforementioned conduct, Plaintiffs' constitutional rights to be free from unlawful entry were violated, and they were subjected to trespass, invasion of privacy, interference with the use and enjoyment of their home, emotional distress, shock, fear, humiliation, embarrassment, and significant disruption to their life.

**THIRD CLAIM FOR RELIEF**
**TRESPASS UNDER NEW YORK STATE LAW**

48.     Plaintiffs repeats each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

49.     Defendants intentionally entered into Plaintiffs' residence without justification or permission. As a result of Defendants' aforementioned conduct, Plaintiff's

50.     As a direct result of Defendants conduct, Plaintiffs were subjected to invasion of privacy, interference with the use and enjoyment of their home, emotional distress, shock, fear, humiliation, embarrassment, and significant disruption to their life.

51.     Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

**FOURTH CLAIM FOR RELIEF**
**NEGLIGENCE UNDER NEW YORK STATE LAW**

52.     Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

53.     Defendants had a legal duty to Plaintiffs, including the duty to act reasonably and the duty to Plaintiffs to not violate their civil rights.

54.     Defendants' actions in unlawfully violating Plaintiffs civil rights among other acts against Plaintiff constituted a breach of Defendants' duty.

55.     As a consequence of Defendants' actions as described herein, Plaintiffs suffered a deprivation of their civil rights, experienced pain and suffering, and have been otherwise injured.

56.     As a consequence of Defendants' actions as described herein, Plaintiff Perry was physically injured.

57.     Defendants' actions herein inflicted emotional distress upon Plaintiff.

58.     Defendants' actions were the direct and proximate cause of the harm to Plaintiff.

59.     Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## FIFTH CLAIM FOR RELIEF:
## ASSAULT UNDER NEW YORK STATE LAW

60.     Plaintiff ANDRE PERRY repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

61.     By the actions described herein, Defendants intentionally caused and allowed Plaintiff Perry to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

62.     Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

63.     As a consequence of Defendants' actions as described herein, Plaintiff Perry has been injured.

64.     Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## SIXTH CLAIM FOR RELIEF:
## BATTERY UNDER NEW YORK STATE LAW

65.     Plaintiff ANDRE PERRY repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

66.     Defendant officers acted in a violent, excessive, unnecessary, and unwarranted manner in the performance of their duties as agents or employees of the Defendant City and created an environment that placed Plaintiff Perry into unsafe conditions.

67.     By the actions described herein, Defendants intentionally caused and allowed Plaintiff to be struck in a harmful and offensive manner, in violation of the Constitution and Laws of the State of New York.

68.    Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

69.    As a consequence of Defendants' actions as described herein, Plaintiff Perry has been injured.

70.    Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

### SEVENTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

71.    Plaintiff ANDRE PERRY repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

72.    The degree of force Defendants used against Plaintiff Perry as described herein was excessive, unreasonable, unwarranted, and without justification.

73.    Defendants' actions described herein were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable, and unprovoked.

74.    As a result of Defendants' excessive force and brutality, Plaintiff Perry has, *inter alia*, endured substantial and continuous pain, experienced bruising and swelling of his body, suffered a fractured foot, and continues to suffer severe pain and headaches.

75.    All of the aforementioned acts of Defendants constituted excessive force in violation of the Constitution of the United States actionable under 42 U.S.C. § 1983, and in violation of the laws of the State of New York, for which Defendants are individually liable.

## EIGTH CLAIM FOR RELIEF:
## <u>FALSE ARREST UNDER 42 U.S.C. § 1983</u>

76.     Plaintiff VENETIA ZAHARIAS repeats and re-alleges each allegation set forth in paragraphs 1-42 with the same force and effect as if fully set forth herein.

77.     As a result of Defendants' aforementioned conduct, Plaintiff Zaharias was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

78.     As a result of the foregoing, Plaintiff Zaharias' liberty was restricted for an extended period of time and Plaintiff was at all times aware of his confinement; Plaintiff Zaharias was put in fear for her safety and subjected to handcuffing and other physical restraints, without probable cause.

79.     As a result of his false arrest, Plaintiff Zaharias was subjected to humiliation, ridicule and disgrace before her neighbors and peers, confinement and emotional distress.  Plaintiff Zaharias was discredited in the minds of many members of the community.

## NINTH CLAIM FOR RELIEF:
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

80.     Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

81.     Defendants' unlawful conduct, including the violations of Plaintiffs' constitutional rights, constituted extreme and outrageous conduct that was beyond the boundaries of decency.

82.     Defendant Officers acted intentionally in their unlawful conduct.

83.     Defendant CITY acted with reckless disregard as to whether its customs,

13

policies, usages, practices, procedures, and rules of its NYPD and FDNY would result in extreme and outrageous conduct inflicted upon Plaintiffs.

84.   Defendants' conduct was the direct and proximate cause of the harm to Plaintiffs.

85.   Plaintiffs suffered and continue to suffer physical injury, severe emotional distress, and were otherwise injured as a result of Defendants conduct.

### TENTH CLAIM FOR RELIEF:
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

86.   Plaintiff VENETIA ZAHARIAS repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

87.   Defendants' unlawful conduct, including the violations of Plaintiffs' constitutional rights, the excessive force used on Plaintiff Perry and the assault and battery of Plaintiff Perry, constituted extreme and outrageous conduct that was beyond the boundaries of decency and breached a duty of care owed to Plaintiff Zaharias.

88.   Defendants' conduct constituted a breach of duty owed to Plaintiff Zaharias to not create an unreasonable risk of physical harm to her.

89.   Defendants' conduct was the direct and proximate cause of the harm to Plaintiff Zaharias, who was within in the zone of danger.

90.   Plaintiff Zaharias suffered and continues to suffer physical injuries and severe emotional distress, and was otherwise injured as a result of Defendants conduct.

91.   Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

**ELEVENTH CLAIM**
**FAILURE TO INTERVENE**

92.     Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference as if fully stated herein.

93.     Those defendants that were present during the time when Plaintiffs constitutional rights were violated, but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

94.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments.

95.     As a direct and proximate result of this unlawful conduct, Plaintiffs were subjected to humiliation, ridicule, and disgrace before their family and peers, confinement, pain and suffering, embarrassment, and emotional distress.

**TWELFTH CLAIM FOR RELIEF:**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

96.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

97.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

98.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY, the NYPD, and the FDNY all under the supervision of ranking officers of said department.

99.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY, thee NYPD, and the FDNY constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff Perry and Plaintiff Zaharias.

100.    The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY, the NYPD, and the FDNY were the direct and proximate cause of the constitutional violations suffered by Plaintiff Perry and Plaintiff Zaharias, as alleged herein.

101.    The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY, the NYPD, and the FDNY were the moving force behind the constitutional violations suffered by Plaintiff Perry and Plaintiff Zaharias, as alleged herein.

102.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff Perry and Plaintiff Zaharias.

103.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and FDNY EMS technicians and were directly responsible for the violation of Plaintiff Perry's and Plaintiff Zaharias's constitutional rights.

104.    Defendant CITY, as municipal policymaker in the training and supervision of the NYPD and FDNY, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violation of the right to freedom from unlawful entry, negligence, and from the use of excessive and unreasonable force in violation of, *inter alia*, the Fourth, Fifth and Fourteenth Amendments to the Constitution

of the United States, 42 U.S.C. § 1983, and the constitution and laws of the State of New York.

105.   All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right:

    a.   To be free from unlawful entry into a private residence

    b.   To be free from excessive force

    c.   To be free from the infliction of emotional distress;

    d.   To receive equal protection under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Perry demands judgment and prays for the following relief, jointly and severally, against Defendants:

1.   Special and compensatory damages in the amount of FIVE MILLION ($5,000,000) DOLLARS.

2.   Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

3.   Reasonable attorney's fees and costs; and

4.   Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff Zaharias demands judgment and prays for the following relief, jointly and severally, against Defendants:

1.   Special and compensatory damages in the amount of ONE MILLION TWO HUNDRED AND FIFTY THOUSAND ($1,250,000) DOLLARS.

2.   Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

3.   Reasonable attorney's fees and costs; and

4.  Such other and further relief as this Court deems just and proper.


DATED:       New York, New York
             April 8, 2014


                              Respectfully submitted,



                              _____
                              Kim E. Richman
                              **REESE RICHMAN LLP**
                              875 Avenue of the Americas, 18th Floor
                              New York, NY 10001
                              212-643-0500 (telephone)
                              212-253-4272 (facsimile)


                              **THE LAW OFFICE OF GEOFFREY ST.**
                              **ANDREW STEWART**
                              Geoffrey Stewart
                              139 Fulton Street, Suite 508
                              New York, New York 10038
                              212-625-9696  (telephone)
                              718-374-6094  (facsimile)

                              *Attorneys for Plaintiff*